## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3302 |
| | ) | |
| JEFF COKER, in his Individual Capacity, | ) | |
| and CITY OF SPRINGFIELD, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, United States District Judge:

This cause is before the Court on the Motion for Summary

Judgment (d/e 153) filed by Defendants Jeff Coker and the City of

Springfield.

On January 1, 2008, Plaintiff James Wells was shot three times by

Defendant Jeff Coker, a Springfield police officer.  In July 2010,  Plaintiff

filed an Amended Complaint containing the following three counts: (1)

an action pursuant to 42 U.S.C. § 1983 against Officer Coker alleging

Officer Coker used excessive force; (2) a state law battery claim alleging

Officer Coker's conduct was willful and wanton; and (3) a municipal liability claim against the City of Springfield alleging that the City's long-standing policy of using covert-style foot patrol in certain neighborhoods on New Year's Eve during the period of celebratory shooting was defective, deficient, inadequate, careless, and unsound.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978) (a local government is responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible").

Defendants now move for summary judgment.  For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED.

## I. FACTS

On January 1, 2008, Plaintiff stepped onto the back porch of his house, looked around to ensure no one else was present, and shot his Colt 9 millimeter in the air in celebration of the New Year.  Plaintiff pointed his weapon at an approximately 45 degree angle from ground level and fired it five or six times.

Plaintiff and Defendants disagree about the remaining facts. Plaintiff contends that while Plaintiff was in the act of firing his gun into the air in celebration of the New Year, Officer Coker, without first announcing his presence, shot Plaintiff "twice in the side of the chest, through his arm and once shattering his hip." <u>See</u> Plaintiff's Additional Material Facts of the Case ¶ 6. Plaintiff denies ever turning his body or pointing his gun in the direction of where he subsequently learned that Officer Coker and another officer were standing.

In contrast, Defendants contend that Officer Coker, who was approximately 20 feet away from Plaintiff, yelled "Springfield Police. Drop the gun." Plaintiff then turned his body toward Officer Coker. "During this turning movement, the gun held in [Plaintiff's] hand became pointed directly at Officer Coker." <u>See</u> Defendants' Statement of Undisputed Fact ¶ 25. Officer Coker, fearing for his life and personal safety, discharged his weapon three times at Plaintiff.

These facts would typically present the classic "genuine issue of material fact" that would preclude summary judgment. In this case,

however, additional circumstances call into question whether Plaintiff can now dispute whether he pointed the gun at Officer Coker.

Specifically, in January 2008, Plaintiff was charged in state court with reckless discharge of a firearm, a Class 4 felony, under 720 ILCS 5/24-1.5(a), (c).  See People v. Wells, Sangamon County case No. 08-CF-0078.  The Information alleged that Plaintiff endangered the bodily safety of an individual by recklessly discharging a firearm in the air multiple times in a residential neighborhood while celebrating New Year's Eve.  Id.

On August 11, 2009, the State filed an additional count charging Plaintiff with reckless conduct, a Class A misdemeanor under 720 ILCS 5/12-5(a)(1), (b).  Count II provided as follows:

> And the said State's Attorney in and for the County and State aforesaid, in the name and by the authority of the People of the State of Illinois, aforesaid, gives the Court to further understand and be informed that one JAMES WELLS of said County and State, on or about the 1st day of January in the year Two Thousand and Eight, and within the County of Sangamon and State of Illinois, committed the offense of RECKLESS CONDUCT, in that said defendant endangered

the bodily safety of individuals in that, while acting in a reckless manner, he discharged a firearm in the air multiple times in a residential neighborhood while celebrating New Year's Eve and then <u>pointed</u> <u>the</u> <u>firearm</u> <u>at</u> <u>Officer</u> <u>Coker</u> of [the] <u>Springfield</u> <u>Police</u> <u>Department</u>.  (Emphasis added.)

On the same day Count II was filed, Plaintiff pleaded guilty to Count II and the State dismissed Count I pursuant to the plea agreement.  At the plea hearing, the following exchange took place between the Court and Plaintiff:

THE COURT: All right, in Count II, Mr. Wells, you're charged with the offense of Reckless Conduct.  It's alleged that on or about the 1st day of January, 2008, within Sangamon County, that you endangered the bodily safety of individuals in that, while acting in a reckless manner, you discharged a firearm in the air multiple times in a residential neighborhood while celebrating New Year's Eve and then pointed the firearm at Officer Jeff Coker of the Springfield Police Department.

As charged, it's a Class A misdemeanor punishable up to a year in jail, $2,500 fine, and you could be sentenced to probation, conditional discharge or periodic imprisonment.

Do you understand the charge in Count II and all the possible penalties for a Class A

misdemeanor?

THE DEFENDANT: Yes.

* * *

THE COURT: How do you plead to the charge of Reckless conduct, a Class A misdemeanor, in Count II?

THE DEFENDANT: Guilty.

## II.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff's claims in Counts I and III are based on a federal statute.  <u>See</u> 28 U.S.C. § 1331. The Court has jurisdiction over the remaining state claim in Count II pursuant to its supplemental jurisdiction.  <u>See</u> 28 U.S.C. § 1367(a). Venue exists because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.  <u>See</u> 28 U.S.C. §1391(b) (a civil action where jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

## III.  LEGAL STANDARD

"Summary judgment is appropriate when the pleadings and submissions in the record indicate the absence of any genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law."  Mercatus Group, LLC v. Lake Forest Hospital, 641 F.3d 834, 839 (7th Cir. 2011).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986).  The movant bears the burden of establishing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the non-movant must set forth specific facts demonstrating that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 252.

In deciding a motion for summary judgment, a court can only consider sworn statements based on personal knowledge and other evidence that would be admissible at trial under the Federal Rules of Evidence.  Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301

F.3d 610, 613 (7th Cir. 2002). The evidence is viewed in the light most

favorable to the non-movant, and "all justifiable inferences are to be

drawn in his favor." <u>Anderson</u>, 477 U.S. at 255.

Summary judgment is inappropriate when alternate inferences can

be drawn from the evidence, as the choice between reasonable inferences

from facts is a jury function. <u>Id.</u> However, conclusory allegations do not

create issues of fact which forestall summary judgment. <u>See</u> <u>Sublett v.</u>

<u>John Wiley & Sons, Inc.</u>, 463 F.3d 731, 740 (7th Cir. 2006) (internal

citation omitted) ("it is . . . axiomatic that a plaintiff's conclusory

statements do not create an issue of fact").

## IV. ANALYSIS

In their Motion for Summary Judgment, Defendants assert they are

entitled to summary judgment because: (1) the undisputed facts

demonstrate that the force used by Officer Coker was reasonable; (2)

Officer Coker is immune from liability pursuant to the Illinois Local

Governmental and Governmental Employees Tort Immunity Act (Tort

Immunity Act) (745 ILCS 10/1-101, <u>et</u> <u>seq.</u>) because his conduct was

objectively reasonable; (3) Officer Coker is entitled to qualified immunity; and (4) Plaintiff failed to establish a policy, custom, practice or lack of supervision or discipline that caused the alleged injuries.

## A.    The Federal Claims: Counts I and III

### 1.    <u>Count I: Officer Coker is Entitled to Summary Judgment on the Excessive Force Claim</u>

In Count I, Plaintiff alleged Officer Coker's conduct constituted the excessive use of force.  Officer Coker argues he is entitled to summary judgment because his conduct was objectively reasonable.

#### a.    Excessive Force Claims Are Analyzed Under the Fourth Amendment

Where an excessive force claim arises in the context of an investigatory stop or an arrest, the claim is analyzed under the Fourth Amendment's reasonableness standard.  <u>Graham v. Connor</u>, 490 U.S. 386, 394  (1989); <u>see</u> <u>also</u> <u>Messer v. Indiana State Police</u>, 586 F.Supp.2d 1044, 1059 (N.D. Ind. 2008) ("A police officer's use of deadly force constitutes a seizure within the meaning of the Fourth Amendment, and therefore it must be reasonable").  Whether the force used is "reasonable"

depends upon the facts and circumstances of the particular case,

"including the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is

actively resisting arrest or attempting to evade arrest by flight." Graham,

490 U.S. at 396. The test is an objective one, and the "officer's

subjective belief or motivations are irrelevant." Messer, 586 F.Supp.2d at

1060.

Moreover, "[t]he 'reasonableness' of a particular use of force must

be judged from the perspective of a reasonable officer on the scene, rather

than with the 20/20 vision of hindsight." Graham, 490 U.S. at 397. As

stated in Graham:

> The calculus of reasonableness must embody
> allowance for the fact that police officers are often
> forced to make split-second judgments–in
> circumstances that are tense, uncertain, and
> rapidly evolving–about the amount of force that is
> necessary in a particular situation.

Id at 396-97.

In the specific context of the use of the deadly force, "when an

officer believes that a suspect's actions places him, his partner, or those in

the immediate vicinity in imminent danger of death or serious bodily injury, the officer can reasonably exercise the use of deadly force." Sherrod v. Berry, 856 F.2d 802, 806 (7th Cir. 1988) (en banc); see also Scott v. Edinburg, 346 F.3d 752, 756 (7th Cir. 2003) (citing cases); Tennessee v. Garner, 471 U.S. 1, 11 (1964) (noting that if the suspect threatens the officer with a weapon, "deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given"). If a suspect threatens an officer with a weapon, the risk of serious physical harm to the officer has been established. Bell v. Irwin, 321 F.3d 637, 639 (7th Cir. 2003), citing Sherrod, 856 F.2d 802 and Ford v. Childers, 855 F.2d 1271 (7th Cir. 1988) (en banc).

> **b.** **Plaintiff is Judicially Estopped From Denying he Pointed his Gun at Officer Coker**

As noted above, the parties dispute whether Plaintiff pointed the weapon at Officer Coker. While this would typically create a genuine issue of material fact, Plaintiff is judicially estopped from denying he pointed the weapon at Officer Coker.

Judicial estoppel[1] protects the integrity of the judicial process by preventing a party "who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground."  United States v. Christian, 342 F.3d 744, 747 (7th Cir. 2003).  Judicial estoppel applies where:

> (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id.

Each of those elements are met here.  First, Plaintiff's position in this case– that he did not point the gun at Officer Coker– is inconsistent with his admission in state court that he did point his gun at Officer Coker.  See People v. Feldman, 409 Ill. App. 3d 1124, 1128 (5th Dist. 2011) ("A plea of guilty 'constitutes an admission of every fact alleged in

---

[1]  Unlike collateral estoppel, judicial estoppel does not require a prior litigation of the issue.  See Cohen v. E.F. Hutton & Co., Inc., 1990 WL 36878, at *4 (N.D. Ill. 1990).  Judicial estoppel differs from a judicial admission because a judicial admission is binding only in the same action.  See Kohler v. Leslie Hindman, Inc., 80 F.3d 1181, 1185 (7th Cir. 1996) ("a statement made in one lawsuit cannot be a judicial admission in another").

an indictment,' as long as each fact admitted is 'an ingredient of the offense charged'") (citation omitted).

Second, the facts at issue are the same in both cases because the excessive force claim arises out of the same set of facts that led to the criminal charge in the state case. <u>See</u>, <u>e.g.</u>, <u>Christian</u>, 342 F.3d at 747 (finding the second prong of the test established where the same core set of facts were involved in both cases).

Third, Plaintiff convinced the state court to accept his position. That is, Plaintiff benefitted by pleading guilty to Count II, a misdemeanor, in exchange for the dismissal of Count I, a felony. <u>See</u>, <u>e.g.</u>, <u>Allen v. Noll</u>, 2006 WL 1707949, at *8 (N.D. Ind. 2006) (noting that the plaintiff "convinced the court to adopt his position that he was guilty of the crimes stated in the informations" and "benefitted by pleading guilty").

Fourth, allowing Plaintiff to assert an inconsistent position would allow Plaintiff to derive an unfair advantage or impose an unfair detriment on Defendants. To allow Plaintiff to contradict the facts he

admitted when he pleaded guilty disrespects the judicial process.  <u>See</u>

<u>Allen</u>, 2006 WL 1707949, at *8.  Therefore, Plaintiff is judicially

estopped from denying that he pointed his gun at Officer Coker.  <u>See</u>

<u>Allen</u>, 2006 WL 1707949, at *7 (finding, as an alternative ground for

granting summary judgment in favor of the defendant, that the plaintiff

was "judicially estopped from denying the facts he admitted when he

pled guilty to the charges arising out of the incident at issue"); <u>Davis v.</u>

<u>Clark</u>, 2010 WL 679037, at *6  (D. Idaho 2010) (finding judicial

estoppel appropriate to the extent that the plaintiff could not deny that

he approached the officers with a knife in a threatening matter where he

had admitted to the factual basis at the plea hearing on his state charge);

<u>cf.</u> <u>Stallworth v. Harvey</u>, 1996 WL 465389, at *2-3 (N.D. Ill. 1996)

(finding the plaintiff was collaterally estopped from denying he had a gun

and that he threatened the defendant with a gun where he pled guilty to

unlawful use of a weapon and aggravated assault).

c. **The Undisputed Facts and Facts Taken in the Light Most Favorable to Plaintiff Demonstrate as a Matter of Law that Officer Coker's Conduct was Objectively Reasonable**

Because Plaintiff is judicially estopped from denying he pointed his gun at Officer Coker, the facts are as follows. Plaintiff shot his weapon in the air three times. Plaintiff was unaware of Officer Coker's presence and, according to Plaintiff, Officer Coker provided no warning before shooting Plaintiff. Nonetheless, Plaintiff did point the gun at Officer Coker.

Plaintiff argues that genuine issues of material fact remain because of the parties dispute whether Officer Coker gave any warning. Plaintiff also asserts he did not know any officers were present until after he had been shot.

Even accepting as true Plaintiff's assertion that Officer Coker did not give any warning before shooting Plaintiff, an officer need only give a warning if feasible. See Garner, 471 U.S. at 11-12 (officer should give a warning, if feasible, before using deadly force). Under the circumstances–Plaintiff shooting a gun up in the air and then turning and

pointing the gun at Officer Coker–the lack of warning can be excused.

See, e.g., Flynn v. Mills, 361 F.Supp.2d 866, 876 (S.D. Ind. 2005) (finding, in examination of qualified immunity, that the "exigency of the situation as known to [the officers] excuse[d] any lack of warning"). Moreover, because the reasonableness analysis is an objective one, it is immaterial whether Plaintiff could see or hear Officer Coker, whether he knew Officer Coker was there, whether he intended to threaten Officer Coker when he turned and pointed the gun at him, or whether he simply turned in that direction without knowing Officer Coker was there. See Escobedo v. City of Fort Wayne, 2008 WL 1971405, at *34 (N.D. Ind. 2008) (noting that because the reasonableness analysis was an objective one, it was immaterial whether the plaintiff intended to harm the officer, could see or hear the officer, or simply moved the gun in the direction of the officer without knowing the officer was there), aff'd 600 F.3d 770 (7th Cir. 2010).

The undisputed facts show that after firing the gun in the air, Plaintiff pointed the gun at Officer Coker. A reasonable officer in Officer

Coker's position would have believed he was in imminent danger of death or serious bodily injury. See Bell, 321 F.3d at 640 (noting that the "fourth amendment does not require second-guessing" and "when material facts (or enough of them to justify the conduct objectively) are undisputed, then there would be nothing for a jury to do except second-guess the officers, which Graham held must be prevented"). Officer Coker's conduct was objectively reasonable. Therefore, Officer Coker is entitled to summary judgment on Count I.[2]

  2. Count III: City of Springfield is Entitled to Summary Judgment on the Monell Claim

In Count III, Plaintiff alleged the City's long-standing policy of using covert-style foot patrol in certain neighborhoods on New Year's Eve during the period of celebratory shooting was defective, deficient, inadequate, careless and unsound. To prove his Monell claim, Plaintiff must establish: (1) that he suffered a constitutional injury and (2) the

---

[2] Officer Coker also asserts, in the alternative, that he entitled to summary judgment on the basis of qualified immunity. However, because the Court found that his conduct did not violate the Fourth Amendment, there is no need for the Court to consider the second prong of qualified immunity articulated in Saucer v. Katz, 533 U.S. 194 (2001). See Madlock v. City of Peoria, 2010 WL 3853273, at *5 n. 9 (C.D. Ill. 2010).

City authorized or maintained a custom of approving the unconstitutional conduct. <u>See</u> <u>Thompson v. Boggs</u>, 33 F.3d 847, 859 (7th Cir. 1994).

In the Motion for Summary Judgment, the City asserts that Plaintiff's inability to prove the underlying claim against Officer Coker precludes a <u>Monell</u> claim against the City.

A municipality cannot be held liable where there is no constitutional violation by a municipal employee. <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986). This does not mean, however, that an individual defendant has to be found liable before the municipality can be held liable. <u>Thomas v. Cook County Sheriff's Department</u>, 604 F.3d 293, 305 (7th Cir. 2010). For instance, if an individual defendant "pled an affirmative defense such as good faith, then a jury might have found the plaintiff's constitutional rights were indeed violated, but that the officer could not be held liable. In that case, one can still argue that the city's policies caused the harm, even if the officer as not individually culpable." <u>Id.</u> at 304-05.

In <u>Thomas</u>, the Seventh Circuit held: "a municipality can be held liable under <u>Monell</u>, even when its officers are not, unless such finding would create an <u>inconsistent</u> verdict." (Emphasis in original.). <u>Id.</u> at 305. To determine whether a municipality's liability is dependent on the liability of its officers, a court looks at (1) the nature of the constitutional violation, (2) the theory of municipal liability; and (3) the defenses the individuals have asserted. <u>Id.</u> (finding it was not inconsistent for the jury to find the individual defendants were not deliberately indifferent to the plaintiff's medical needs while holding the County liable because of breakdowns in the County's policy of retrieving medical request forms).

Here, it would be inconsistent to hold the City liable when Officer Coker did not violate Plaintiff's constitutional rights. Plaintiff alleged Officer Coker used excessive force and that the City is liable because Officer Coker's actions were performed based on a widespread policy of the City. It would be inconsistent to find that the City's policy violated Plaintiff's constitutional rights where Officer Coker, allegedly acting pursuant to that policy, did not violate Plaintiff's constitutional rights.

Moreover, the grant of summary judgment in favor of Officer Coker was not based on an affirmative defense. For all these reasons, it would be inconsistent to find the City liable where Officer Coker did not violate Plaintiff's constitutional right. See Heller, 475 U.S. at 799 ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point") (emphasis in original).

## B.     The State Law Claim: Count II

In Count II, Plaintiff alleged that Officer Coker's conduct was willful and wanton and constituted the tort of battery.   Officer Coker argues he is entitled to immunity under the Tort Immunity Act because his actions were objectively reasonable. See 745 ILCS 10/2-201 (providing a public employee is not liable for an injury resulting from an exercise of discretion, even though abused); 745 ILCS 10/2-202 ("A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful

and wanton conduct"); 745 ILCS 10/1-210 (defining willful and wanton conduct).

The usual practice of courts is to relinquish jurisdiction over state supplemental claims when all federal claims have been dismissed prior to trial. <u>Wright v. Associated Ins. Companies, Inc.</u>, 29 F.3d 1244, 1251 (7th Cir. 1994). However, where "it is absolutely clear how the pendent claims can be decided," the court may retain jurisdiction over the state law claims. <u>Id.</u> at 1251.

Here, because the Court has determined that Officer Coker's use of force was objectively reasonable, Plaintiff cannot recover on his state law battery claim. <u>See</u> <u>Madlock v. City of Peoria</u>, 2010 WL 3853273, at *6 (C.D. Ill. 2010) (granting summary judgment in favor of the defendants on the state law assault and battery claims where the court found the officers were objectively reasonable in their use of force); <u>Soriano v. Town of Cicero</u>, 2010 WL 3418260, at *7 (N.D. Ill. 2010) ("if the force used by the Officers was reasonable and justified, [the plaintiff's] state-law battery claim must fail"). Therefore, in the interest of judicial economy,

convenience, fairness, and comity, the Court retains jurisdiction over the state law claim and enters summary judgment in favor of Officer Coker on Count II.

## V. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (d/e 153)is GRANTED.  This case is CLOSED.  The final pretrial conference scheduled for November 7, 2011 and the jury trial scheduled for December 6, 2011 are hereby VACATED.  The parties shall be responsible for their own court costs.

IT IS SO ORDERED.

ENTER: September 19, 2011

FOR THE COURT:


          s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE