UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAMES WELLS, )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>JEFF COKER, in his Individual Capacity, )<br>and CITY OF SPRINGFIELD, a municipal )<br>corporation, )<br>)<br>**Defendants.** ) | Case No. 08-CV-3302 |

## OPINION

Defendants filed a Motion to Bifurcate Trial (#186) on January 27, 2014. Plaintiff filed his Response (#190) on February 9, 2014. On January 29, 2014, Defendants filed a Motion for Leave to File Second Motion for Summary Judgment (#188). Plaintiff filed his Response (#191) on February 14, 2014. For the following reasons, Defendants' Motion for Leave to File Second Motion for Summary Judgment (#188) is GRANTED and Defendants' Motion to Bifurcate Trial (#186) is DENIED.

BACKGROUND[1]

At around midnight on January 1, 2008, Plaintiff, James Wells, decided to celebrate New Year's Eve by shooting his gun into the air from the back porch of his home in Springfield, Sangamon County, Illinois. His celebration ended when Defendant Officer Jeffrey Coker of the Springfield Police Department arrived at the scene to investigate and shot Plaintiff three times. The parties dispute whether Plaintiff pointed his gun at Coker before Coker fired at Plaintiff. Coker claims that Plaintiff turned toward him and pointed a gun in his direction, whereas

---

[1] Some of the factual background to this case is taken from the Seventh Circuit Court of Appeals' opinion in *Wells v. Coker*, 707 F.3d 756 (7th Cir. 2013).

Plaintiff denied doing so.  Plaintiff eventually pled guilty in state court to reckless conduct (725 ILCS 5/12-5(a)(1), the basis of which was both discharging the firearm in the air *and* pointing the firearm at Officer Coker.

While his state case was still pending, Plaintiff filed the instant civil rights suit pursuant to 42 U.S.C. § 1983, alleging that Coker's decision to shoot him violated his civil rights under the U.S. Constitution (Count I- constituting excessive force and Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution) and constituted a battery involving willful and wanton conduct under Illinois state law (Count II).  Plaintiff also alleged a claim against Defendant City of Springfield under a custom or policy theory pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) (Count III).  On September 20, 2011, District Court Judge Sue E. Myerscough issued an Opinion (#159) granting Defendants' Motion for Summary Judgment (#153), on the sole ground that Plaintiff had admitted pointing his gun at Coker when he pleaded guilty to the charge of reckless conduct, and thus was judicially estopped from denying that he had pointed his gun at Coker.  Judge Myerscough reasoned that it was undisputed that Plaintiff had pointed his gun at Coker and thus Coker's use of force was objectively reasonable.  The Seventh Circuit reversed the granting of summary judgment, finding that Plaintiff was not judicially estopped from denying he pointed the gun at Coker and that issue preclusion did not apply because *either* discharging the gun into the air *or* pointing at Coker could sustain the reckless conduct conviction, and it was not clear precisely to which basis Plaintiff was pleading guilty.  *Wells*, 707 F.3d at 761-62.  Because it found the question of whether Plaintiff pointed his gun at Coker to be

a genuine issue of material fact, the Seventh Circuit reversed the district court's grant of summary judgment. *Wells*, 707 F.3d at 764.

On December 18, 2013, the matter was transferred to this court. Defendants have filed a Motion for Leave to File Second Motion for Summary Judgment (#188) and a Motion to Bifurcate Trial (#186). Plaintiff has filed responses to both motions.

MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

Defendants have asked the court to give them leave to file a second motion for summary judgment so the court can rule on arguments not addressed either by Judge Myerscough's Opinion (#159) or the Seventh Circuit's ruling. Defendants argue that this motion is "not made for any improper purpose such as to delay trial or to increase costs in this matter" and denies that any party will be prejudiced. Defendants argue that allowing the motion will conserve judicial resources by addressing issues more appropriately suited for summary judgment instead of having such issues argued at trial. The issues Defendants will address in a second summary judgment motion are: (1) Plaintiff has provided no evidence of an unconstitutional policy or custom in support of his *Monell* claim; (2) Defendant Officer Coker is entitled to qualified immunity; and (3) Coker is immune from liability under Illinois' Local Government and Governmental Employees Tort Immunity Act. Plaintiff responds Defendants have waited nearly a year to file this motion after the issuance of the Seventh Circuit opinion and that Defendants have not set forth good cause for the 11 month delay. Further, even if good cause could be shown, Plaintiff argues the proper remedy would be to permit Defendants to renew their prior motion for summary judgment with existing memorandum of law, rather than allow a new

3

motion with previously unraised arguments, because three years have passed since the expiration of the dispositive motions deadline.

The Seventh Circuit has had occasion to address the filing of a second motion for summary judgment. The court of appeals has stated:

> "This case presents the question of whether a district court may permit a second summary judgment motion when a party neglects to address all of the non-movant's claims in its first motion. We conclude that such a decision is wholly within the court's discretion. In *Whitford* [*Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995)], we acknowledged three specific grounds for allowing a renewed or successive summary judgment motion: 1) when the controlling law has changed; 2) when new evidence has been discovered; and 3) when allowing such a motion would be necessary to correct a clear error or prevent a manifest injustice. 63 F.3d at 530. But this list was not meant to be exhaustive. See *id.* ("A renewed or successive summary judgment is appropriate *especially* if one of the [three] following grounds exists...") (emphasis added). We also noted more generally that such a decision is within the court's authority 'if good reasons exist.' *Whitford*, 63 F.3d at 530.
>
> Permitting a second summary judgment motion is essentially a decision concerning case management, and district court judges are in the best position to make such decisions. [citations omitted] The judge in Gordon's case concluded that it was better to allow a second summary judgment motion than risk wasting judicial resources on a claim that should never have made it to trial. This

4

certainly suffices as a 'good reason' under *Whitford*. 63 F.3d at 530. To hold otherwise would undermine the well-established principle that the district courts have broad discretion to manage their own dockets." *Gordon v. Veneman*, 61 Fed.Appx. 296, 298 (7th Cir. Mar. 21, 2003).

The court finds that such "good reason," as expressed in *Gordon*, exists in this case to allow a second summary judgment motion. Defendant's initial Motion for Summary Judgment (#153) raised arguments concerning qualified immunity, immunity under Illinois' governmental immunity laws, and Plaintiff's failure to establish that Defendant Springfield had a custom or policy under *Monell* that caused Plaintiff's injury. These arguments were not addressed by Judge Myerscough or the Seventh Circuit in their rulings. The court agrees with Defendants that these legal arguments are better addressed at summary judgment as opposed to trial and that to address them on summary judgment will save time and judicial resources. Further, the court would note that the attorneys who prepared the first summary judgment motion withdrew from the case in 2013. Attorneys Jon Gray Noll and Daniel Noll did not enter their appearances until January 2014. The court reasons that it would be appropriate to allow them to file their own motion for summary judgment, on the same issues, but with the ability to craft their arguments as they see fit. The court does not find the delay between the Seventh Circuit's February 12, 2013 remand, and the January 29, 2014 motion for leave to file second summary judgment motion (just weeks after the Nolls entered their appearances) to be improper or prejudicial. Plaintiff will be given ample time to respond to the motion and the court expects to have a ruling on the

second summary judgment motion well in advance of the anticipated trial date of November or December 2014. Defendants' Motion for Leave to File Second Motion for Summary Judgment (#188) is GRANTED.

## MOTION TO BIFURCATE TRIAL

Defendants have filed a Motion to Bifurcate Trial (#186), arguing that, because evidence that may be necessary to establish Plaintiff's claims against the City of Springfield pursuant to his *Monell* claim would be unduly prejudicial to Defendant Coker, the federal civil rights and state law claims against Coker must be bifurcated from the *Monell* claim against Springfield. Defendants further argue that, because a finding of no liability on Coker's part would preclude a finding against Springfield on the *Monell* claim, the allegations against Coker should be tried first. Plaintiff rejects Defendants' arguments, arguing that: (1) a finding in favor of Coker does not necessarily dispose of the *Monell* claim filed against Springfield and (2) judicial economy would not be served because the two claims involve almost all of the same witnesses testifying about the same evidence. Plaintiff argues that bifurcation would require the court to hold two nearly identical trials and that any prejudice that may result to Defendant Coker as a result of trying the claims together could be cured by a limiting instruction from the court.

Federal Rule of Civil Procedure 42(b) provides as follows:

> "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

A decision on whether to bifurcate or to hold separate trials is left to the sound discretion

6

of the district court. *Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013). Under Rule 42(b), the district court may separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy, and if just one of these criteria is met, the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment of the United States Constitution. *Chlopek v. Federal Insurance Company*, 499 F.3d 692, 700 (7th Cir. 2007). Other factors for consideration are as follows: (1) whether the issues sought to be separately tried are significantly different from one another; (2) whether the issues are triable by a jury or the court; (3) whether the posture of discovery as to the respective issues suggests that they should or should not be tried together; and (4) whether the separate issues require testimony of different witnesses and documentary proof. *Reading Industries, Inc. v. Kennecott Copper Corporation, et al.*, 61 F.R.D. 662, 664 (S.D.N.Y. 1974).

  Defendants first argue, in support of their motion to bifurcate, that "a separate trial on the liability of Officer Coker will either dispose of, or establish a necessary element of, the City's liability under the *Monell* claim. If Officer Coker is not held liable, the City of Springfield cannot be held liable under a *Monell* claim." In support, Defendants cite to the U.S. Supreme Court's decision in *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), where the Court held the trial court correctly dismissed excessive force and arrest without probable cause claims against the municipality after the jury found the individual officer not liable. *Heller*, 475 U.S. at 798-99. The Court found no liability for the municipality because the officer did not plead any affirmative defenses or qualified immunity, and thus the jury must have found that the actions in question themselves did not violate the Constitution. *Heller*, 475 U.S. at 798. Defendants use *Heller* to argue for a bright line rule that a *Monell* claim against a municipality must be

7

dismissed if a finding is made for the individual officer in question. The Seventh Circuit has rejected Defendants' interpretation of *Heller*. In *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2009), the county, relying on *Heller*, made a similar argument to the one Defendants make here. The Seventh Circuit found such a rule, requiring individual officer liability before a municipality could ever be held liable for damages under *Monell*, to be an "unreasonable extension of *Heller*." *Thomas*, 604 F.3d at 305. Rather, the court interpreted the actual rule to be much narrower, holding that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Thomas*, 604 F.3d at 305 (emphasis in original). To determine whether a municipality's liability is dependent on its officers, the court must look to the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth. *Thomas*, 604 F.3d at 305.

Here, Defendants, in their Answer and Affirmative Defenses to Plaintiff's Amended Complaint (#90), did argue good faith, qualified immunity, and state law immunity in defense of Defendant Coker. It is true that some of these defenses may be resolved at summary judgment and may not be an issue at trial, but as of right now, this case appears more akin to the situation in *Thomas*, where good faith and immunity defenses were at issue, as opposed to that of *Heller*, where the only matter at issue for the individual officer was whether the actions constituted a constitutional violation, and the jury found no constitutional violation was committed. Therefore, to the extent that Defendants rely on *Heller* to justify bifurcation, the motion is denied at this time.

Defendants also argue that the evidence against Springfield may prove highly prejudicial to Coker. Defendants have not expanded on this argument or provided any compelling reason

for why the evidence would be highly prejudicial. Further, Plaintiff has argued that the witnesses and evidence necessary for a trial against Coker would be the same as that against Springfield on the *Monell* claim, and that judicial economy would not be served by bifurcating the trial. Thus, at this point in the litigation, the court does not believe *Heller* applies nor does it believe judicial economy would be served by bifurcating the trial. Defendants have also not made a clear showing of prejudice to Coker. The court's ruling on summary judgment may narrow the issues to be resolved at trial and determine whether the instant case is more akin to the situation in *Heller* or that of *Thomas*. Further, the parties' own preparations, as the trial date approaches, may clarify how much overlap there will be in witnesses and evidence on the individual officer and *Monell* claims and may also clarify just what could prove prejudicial to Defendant Coker. Therefore, the court DENIES Defendants' Motion to Bifurcate Trial (#186) with leave to renew as the trial date approaches.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion for Leave to File Second Motion for Summary Judgment (#188) is GRANTED. The clerk is directed to file Defendants' Second Motion for Summary Judgment (#189) instanter. Plaintiff is given 30 days from the entry of this order to respond to Defendants' Second Motion for Summary Judgment. Defendants will then have 14 days from the filing of Plaintiff's response to file their reply.

(2) Defendants' Motion to Bifurcate Trial (#186) is DENIED with leave to renew as the trial date approaches.

ENTERED this 25th day of February, 2014.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE