UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAMES WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CV-3302 |
| ) | |
| JEFF COKER, in his Individual ) | |
| Capacity and CITY OF SPRINGFIELD, ) | |
| A Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |

OPINION

Plaintiff, James Wells, filed his Complaint (#1) on December 30, 2008, seeking compensatory and punitive damages pursuant to a 42 U.S.C. § 1983 claim filed against Defendants, Jeff Coker and the City of Springfield. The case is currently before this court on Defendants' Second Motion for Summary Judgment (#194). This court has carefully reviewed the arguments of the parties and the documents they filed. For the following reasons, Defendants' Second Motion for Summary Judgment (#194) is GRANTED in part and DENIED in part.

BACKGROUND

Just prior to midnight on December 31, 2007, Plaintiff woke up from a nap and retrieved two handguns. He then stepped onto his back porch, looked around to ensure no one else was present, and shot his Colt 9 millimeter in the air in celebration of the New Year. The weapon was pointed at an approximate 45 degree angle from ground level. Plaintiff fired the gun five or six times.

As Plaintiff was shooting his weapon into the air, police officers, including Defendant Jeff Coker, approached his yard. The officers were on patrol in the area looking for individuals with guns celebrating the New Year. Coker discharged his service weapon three times at Plaintiff. Plaintiff was shot multiple times and taken to St. John's Hospital. As a result of the incident, Plaintiff pled guilty to Reckless Conduct. Plaintiff also brought the instant suit against Defendants, alleging a violation of 42 U.S.C. § 1983.

While Plaintiff and Defendants agree to the above facts, there are a number of facts that they disagree on. Defendants claim that Coker, who was approximately 20 feet from Plaintiff, announced his presence by yelling, "Springfield Police. Drop the gun." Defendants then claim that Plaintiff turned towards Coker, pointing the gun in his direction. It was not until the gun was pointed at Coker that he fired his weapon at Plaintiff. On the other hand, Plaintiff contends that Coker shot him without first announcing his presence. Further, Plaintiff claims that he never turned his body or pointed his gun in the direction of Coker or any other police officer.

PROCEDURAL HISTORY

On May 20, 2011, Defendants filed their first motion for Summary Judgment (#153). U.S. District Judge Sue E. Myerscough granted Defendants' motion on September 20, 2011 (#159). Judge Myerscough reasoned that Defendants' were entitled to summary judgment because Plaintiff was judicially estopped from denying that he had pointed a gun at Coker. The court's reasoning was based on the fact that Plaintiff had plead guilty to a charge that included the statement that he had pointed the gun in Coker's direction. On Appeal, the Seventh Circuit reversed the district court after finding that neither judicial estoppel nor other doctrines of preclusion apply to the facts of the case. *Wells v. Coker*, 707 F.3d 756 (7th Cir. 2013).

2

Importantly, the Seventh Circuit's opinion did not address whether summary judgment was warranted for reasons other than those announced in Judge Myerscough's opinion.

SECOND MOTION FOR SUMMARY JUDGMENT

Defendants filed their Second Motion for Summary Judgment (#194) on February 25, 2014. In it, Defendants claim that Defendant Coker is entitled to summary judgment because the undisputed facts show that he is protected by qualified immunity and that he is immune from liability pursuant to the Illinois Tort Immunity Act. It further claims that Defendant City of Springfield is entitled to summary judgment because Plaintiff has failed to establish a causal link between a policy, custom, or practice adopted and promulgated by the City and the alleged constitutional deprivation. Plaintiff filed his response (#195) on March 27, 2014, arguing that Defendants have failed to meet their burden of establishing that there are no disputed material facts at issue in this case. Defendants filed a Reply (#196) on April 9, 2014. The motion is fully briefed and ready to be ruled upon.

ANALYSIS

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all

reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772 (7th Cir. 2012). To show that there is a "genuine" issue and therefore successfully oppose a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013), *quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present "definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002), *quoting EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants claim that they are entitled to summary judgment for a number of reasons. Defendant Coker alleges that he is entitled to summary judgment based on qualified immunity and pursuant to the Illinois Tort Immunity Act. Defendant City of Springfield claims it is entitled to summary judgment because Plaintiff has not established a proper *Monell* Claim.[1] This court will address each of Defendants' potential reasons for summary judgment in turn.

## QUALIFIED IMMUNITY

Defendant Coker claims that summary judgment is warranted because he is entitled to qualified immunity. Government actors performing discretionary functions are generally "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When confronted with a claim of qualified

---

1 *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978).

4

immunity, this court asks two questions: (1) do the facts, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right; and (2) was the right clearly established at the time the officer acted. *Saucier v. Katz*, 533 U.S. 194 (2001); *Pearson v. Callahan*, 555 U.S. 223 (2009).

The constitutional question in this case is governed by the general proposition that the use of force is contrary to the Fourth Amendment if it is excessive under an objective standard of reasonableness. *Graham v. Connor*, 490 U.S. 386 (1989). "Reasonableness depends on the information the officer possesses prior to and at the immediate time of the shooting." *Deering v. Reich*, 183 F.3d 645, 650 (7th Cir. 1999). This information includes the "knowledge, facts and circumstances known to the officer at the time he exercised his split-second judgment as to whether the use of deadly force was warranted." *Sherrod v. Berry*, 856 F.2d 802, 805 (7th Cir. 1988).

In this case, Plaintiff and Defendants do not agree on important material facts. Plaintiff contends that the officers did not announce their presence and he was shot while holding the gun toward the sky at a 45 degree angle from the ground. Defendants claim that Plaintiff had pointed the gun at Defendant Coker after Coker announced his presence and before he shot Plaintiff. These disputed facts are important in determining whether Defendant Coker acted in an objectively reasonable manner when he shot Plaintiff. With these facts in dispute, this court cannot make a determination as to whether qualified immunity applies in this case. Because these facts are disputed, there exists a genuine issue of material fact. Therefore, summary judgment is not warranted with respect to Defendant Coker's claim of qualified immunity.

## ILLINOIS TORT IMMUNITY ACT

Defendant Coker also claims that summary judgment is appropriate pursuant to the Illinois Tort Immunity Act (Act). Under 745 ILCS 10/2-202 (West 2007), a public employee is not liable for an act undertaken in the enforcement of any law unless such act constitutes willful and wanton conduct. The Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210 (West 2007).

Defendant Coker claims that his conduct was not willful and wanton because he was acting for his own safety and the safety of others. However, as noted above, important facts relating to the shooting remain disputed, such as whether Coker announced his presence and whether Plaintiff pointed the gun in his direction. Because of these disputed material facts, this court cannot conclude at this time that Defendant Coker's action was not willful and wanton. Therefore, it would be impossible for this court to make a proper finding regarding Coker's immunity under the Act. For this reason, summary judgment in favor of Defendant Coker is not warranted.

## MONELL CLAIM

Defendant City of Springfield argues that it is entitled to summary judgment because Plaintiff has failed to establish a proper *Monell* Claim. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), Plaintiff can hold Defendant City of Springfield liable for Defendant Coker's alleged constitutional violation if he can demonstrate that the constitutional deprivation was rooted in municipal policy or custom. The first question

to ask in determining a municipality's liability under § 1983 is whether "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff takes issue with the City of Springfield's practice of sending police officers out on the streets to combat the illegal act of shooting a gun into the air to celebrate the New Year. Plaintiff contends that there exists a causal connection between this practice and Defendant Coker's alleged constitutional violation. Specifically, Plaintiff states that by "permitting officers to set out, in small groups, on foot to look for guns in an area where it was well known that many individuals would, for a few minutes, step outside and engage in celebratory gunfire, the City set the table for an incident like the one at hand to occur."

After a review of all the facts and arguments, this court has not found any facts which support a *Monell* claim against the City of Springfield. Even assuming that the municipality's practice of sending officers out on foot to combat illegal shooting was a custom, Plaintiff has presented no evidence that the custom allows an officer to shoot a suspect or otherwise engage a suspect in the way Plaintiff alleges Defendant Coker engaged Plaintiff. Further, Plaintiff has not established that the city failed to properly train Defendant Coker or that its policy with regards to lethal force was in any way deficient.

Instead, it appears that Plaintiff would like this court to find a causal connection between every policy or custom of a municipality that is aimed at combating crime and any and all excessive force used by an officer, regardless of whether that force was contemplated by the municipality when it established the policy or custom. That is something this court simply will not do. See *Rogers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir. 1985) (an

7

isolated, intentional act of an officer does not establish municipal liability under § 1983). Because there is no evidence that the type of force used was in any way sanctioned by the alleged custom, this court does not find that Plaintiff has established any facts that support a causal link. Therefore, Defendant City of Springfield cannot be held liable under *Monell* and summary judgment in their favor is warranted.

## CONCLUSION

Based on the foregoing, this court concludes that the disputed material facts preclude an award of summary judgment in favor of Defendant Coker. However, this court does find that Plaintiff has failed to establish sufficient facts to support a *Monell* Claim against Defendant City of Springfield, and summary judgment in its favor is warranted. Therefore, the court GRANTS defendants' motion for summary judgment with respect to Defendant City of Springfield and DENIES summary judgment with respect to Defendant Coker.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Second Motion for Summary Judgment (#194) is GRANTED with respect to Defendant City of Springfield and DENIED with respect to Defendant Jeff Coker.

(2) The clerk is directed to terminate the City of Springfield as a defendant in this case.

(3) A status conference to determine a trial date is set for May 30, 2014, at 11:30 a.m. by telephone from Urbana (court will place call) before Judge Colin S. Bruce.

ENTERED this 7th day of May, 2014

s/COLIN S. BRUCE
COLIN S. BRUCE
U.S. DISTRICT JUDGE