IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD, ILLINOIS

| | |
|---|---|
| JAMES WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-3302 |
| ) | |
| JEFF COKER, in his Individual Capacity, ) | |
| and the CITY OF SPRINGFIELD, a ) | |
| Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |

### PETITION TO ADJUDICATE ATTORNEY'S LIEN

NOW COMES Plaintiff, James Well, by and through his attorneys, Sara M. Mayo and William L. Vig, and for his Petition to Adjudicate Attorney's Lien, states to the Court as follows:

1. That on or about May 20, 2010 Monroe McWard sent Notice of Attorney's Lien in the above-captioned matter.

2. Plaintiff and counsel believe this purported lien to be non-existent because it was not served during the existence of an attorney-client relationship between Plaintiff and Mr. McWard, as required by Illinois law. Nonetheless, to remove any question, Plaintiff seeks judicial determination as to the status of this purported lien.

3. This petition is ripe for determination, as Plaintiff has made a recovery in this case, and the proceeds are now being held in trust by attorney Mayo.

4. In his lien, Mr. McWard claims that his firm entered into a contract with Plaintiff "for services rendered and to be rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to 1/3 of thirty three and one third percent of any amount recovered by action, settlement or otherwise in the civil matter and $15,000.00 in the criminal matter."

5. As is more readily apparent from correspondence drafted by Mr. Monroe and sent to both Plaintiff and counsel, Mr. Monroe never had a written fee agreement regarding the excessive force case or the felony case in Sangamon County.

6. As this Court and Mr. Monroe are aware, Rule 1.5 of the Illinois Rules of Professional Conduct requires that all contingent fee contracts be in a writing signed by the client.

7. Because, as Mr. McWard admits, he never had a written fee agreement with Plaintiff regarding the excessive force case, he is barred from asserting any lien for a percentage of the recovery in this matter.

8. With respect to the claimed $15,000 lien for representation in a criminal matter, Plaintiff is not aware of any, and Mr. McWard sights no, authority for his assertion of a lien in Plaintiff's excessive force case for work performed in the Sangamon County felony case.

9. Finally, in addition to the fact that there is no authority for Mr. McWard to assert a lien on a civil matter based on his representation of Plaintiff in a criminal case, the amount of fee he claims in his lien appears excessive, inasmuch as Plaintiff was charged in Sangamon County with a Class 4 Felony which was resolved without a trial for a misdemeanor.

10. That Mr. McWard is entitled to five days notice before hearing on this matter is conducted.

WHEREFORE, Plaintiff, James Wells, pursuant to the Illinois Attorneys Lien Act, 770 ILCS 5/0.01 *et seq.*, prays that this Honorable Court: (1) set a hearing to give Monroe McWard at least five days advance notice; (2) adjudicate the purported lien asserted by Monroe McWard

upon the recovery heretofore had in this cause; (3) determine the purported lien to be invalid and having no force or effect; and, (4) for all other such and further relief as this Court may deem fair and just.

> Respectfully submitted,
>
> JAMES WELLS, Plaintiff,
>
> /s Sara M. Mayo
> _____
> Sara M. Mayo, Attorney

Sara M. Mayo (#6297143)
Law Offices of Sara M. Mayo
1100 S. Fifth Street
Springfield, Illinois 62703
Phone: 217-931-2552
Fax: 217-525-0901
sara@saramayolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2015, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Monroe McWard;** and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **N/A**

                                      /s  Sara M. Mayo

                                      Sara M. Mayo, Attorney for Plaintiff